[Civ. No. 15669.   First Dist., Div. Two.   Mar. 18, 1954.]

JOSEPHINE GREENINGER, as Executrix, etc., Appellant, v. EVERETT M. RUELLE et al., Respondents.

Charles L. James and Joseph L. Bortin for Appellant.

Nelson & Boyd for Respondents.

DOOLING, J.—This is an appeal by the plaintiff from a judgment of dismissal entered after plaintiff's failure to amend her complaint within the time allowed by the court upon the sustaining of defendants' demurrer.

Appellant alleged that she is the executrix of the last will of Roland C. Greeninger, deceased; that the decedent conveyed certain real property to defendants by two grant deeds annexed to the complaint; that the deeds do not determine the consideration to be paid therefor by defendants; that defendants have failed, neglected and refused to pay any consideration for said conveyance; and that on the date of the transfer the real property conveyed was and now is of the reasonable value of $5,000. The prayer is for judgment for $5,000 with interest.

It is appellant's theory that the deeds, being instruments in writing, are "presumptive evidence of a consideration" (Civ. Code, § 1614); and that where no consideration is fixed therein "the consideration must be so much money as the object of the contract is reasonably worth" (Civ. Code, § 1611). Appellant attempts to bolster this argument by reference to Civil Code, section 1066: "Grants are to be interpreted in like manner with contracts in general, except so far as is otherwise provided in this article."

■ A grant of real property requires no· consideration to be effective. (Civ. Code, § 1040; *Odone* v. *Marzocchi,* 34 Cal.2d 431, 437 [211 P.2d 297, 17 A.L.R.2d 1109]; *Cambridge Co.* v. *Moore,* 62 Cal.App.2d 134 [144 P.2d 57]; 9 Cal. Jur. 135.) The deeds in this case were substantially in the statutory form and the statutory form omits any reference to consideration or the lack· of it. (Civ. Code, § 1092.)

■ Deeds are not, contrary to appellant's contention, executory contracts. (Civ. Code, § 1040.)

■ In effect appellant is asking the court to hold that a conveyance of real property by deed which contains no reference to consideration (unless the deed on its face recites that it is a gift or without consideration) must give rise to the inference of a promise to pay the reasonable value of the property conveyed. Since the Civil Code expressly excludes consideration as a condition of an effective transfer, the court would be amending the code if it indulged in such an inference as between the parties to the conveyance.

Judgment affirmed.

Nourse, P. J., and Kaufman, J., concurred.